# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:01-CR-0074-1-JOF |
| | : | |
| CHARLES PIPKINS, | : | CIVIL ACTION NO. |
| | : | 1:06-CV-2629-JOF |
| Defendant. | : | |

## OPINION AND ORDER

This case is before the court on Petitioner Charles Floyd Pipkins' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 [758] and Petitioner's pro se motion to do the same [759].

**I.      Background**

**A.      Facts/Procedural History**

Petitioner, Charles Pipkins, was a pimp operating in southwest Atlanta in and around Metropolitan Avenue from at least 1997 until his arrest in late 2001.  In 2002, a jury convicted Pipkins of (1) conspiring to participate in a juvenile prostitution enterprise affecting interstate commerce through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(d); (2) enticing juveniles to engage in prostitution in violation of 18 U.S.C. § 2422(b); (3) using interstate facilities to carry on prostitution in violation of 18 U.S.C. § 1052(a)(3); (4) two counts of extortion in violation of the Hobbs Act, 18 U.S.C. § 1951;

(5) involuntary servitude in violation of 18 U.S.C. § 1584; (6) transfer of false identification documents in violation of 18 U.S.C. § 1028; and (7) distribution of marijuana and cocaine to minors in violation of 18 U.S.C. § 859.  The court sentenced Pipkins to a total of thirty years.

Pipkins appealed his conviction and sentence to the Eleventh Circuit, arguing, along with his co-defendant Andrew Moore, that (1) the evidence was insufficient to support the Defendants' RICO conspiracy convictions; (2) Pipkins' conduct did not constitute extortion within the meaning of the Hobbs Act; (3) the district court improperly instructed the jury on the interstate commerce element of the Hobbs Act; (4)  the evidence was insufficient to support Pipkins' involuntary servitude conviction; (5) the evidence was insufficient to support Pipkins' conviction for transfer of false identification documents; and (6)  the district court improperly calculated Pipkins' and Moore's sentences under the Sentencing Guidelines. *United States of America v. Pipkins*, 378 F.3d 1281, 1287 (11th Cir. 2004).  The Eleventh Circuit affirmed Pipkins' conviction and sentence. *Id.*  The Supreme Court granted a writ of certiorari on March 7, 2005, and remanded the case back to the Eleventh Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2205).  *Pipkins v. United States*, 544 U.S. 902 (2005).  On remand, the Eleventh Circuit affirmed Pipkins' sentence and held that his *Booker* argument was untimely raised because it was raised for the first time in his petition for rehearing *en banc* rather than in his initial direct appeal.

-2-

*United States v. Pipkins*, 412 F.3d 1251 (11th Cir. 2005).  The Supreme Court declined to

consider the case again on October 31, 2005.  *Pipkins v. United States*, 546 U.S. 994 (2005).

Petitioner filed his first post-conviction attack through counsel on October 30, 2006.  He

filed a similar attack *pro se* on November 22, 2006.

### B.      Contentions

Petitioner contends that he is being unlawfully held in violation of the United States

Constitution because his

> rights to due process, effective assistance of counsel, cruel and unusual
> punishment under the Fifth, Sixth, and Eighth Amendments to the United
> States Constitution were violated when Petitioner's sentence was enhanced
> on facts not found by the jury beyond a reasonable doubt, trial counsel did not
> raise the issue at sentencing, and appellate counsel did not timely raise the
> issue on appeal.

P's Motion at 4.

## II.    Discussion

### A.      Petitioner's Motion Through Counsel[1]

Petitioner contends that both his trial and appellate counsel were ineffective for

failing to argue that his "sentence was enhanced on facts not found by the jury beyond a

reasonable doubt."  P's Motion at 4.  Although his motion does not directly reference these

---

[1]This motion was timely filed.  28 U.S.C. § 2255 allows a petitioner to file his claim
up to one year from the final disposition of the case on appeal.  The Supreme Court declined
to grant certiorari in this matter on October 31, 2005.  Plaintiff filed this motion within one
day of the time bar on October 30, 2006.

cases, Petitioner seems to be arguing that his counsel should have raised an argument under the *Booker/Blakely/Apprendi* line of cases.  In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court applied the holdings in *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the Federal Sentencing Guidelines.  In *Blakely*, the Supreme Court, relying on *Apprendi*, held that the Washington Sentencing Reform Act, a state statue similar to the Federal Sentencing Guidelines, violated the Sixth Amendment right to fair trial.  In *Apprendi*, which also addressed a state statute, the Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond reasonable doubt."  530 U.S. at 490.  Petitioner was sentenced on July 19, 2002, two years after the Court's decision in *Apprendi* and two years before its decision in *Blakely*.  Thus, Petitioner is alleging that counsel were ineffective for failing to raise *Apprendi* or for failing to foresee *Blakely* and *Booker*.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prove ineffective assistance, a petitioner must show both that the performance by his attorney was deficient and that such deficiency prejudiced his defense.  *Id*. at 687.  An attorney's performance is deficient only if it falls "below an objective standard of reasonableness" and "in light of all the circumstances" is "outside the wide range of professional competence."

-4-

*Id.* at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at that time." *Id.* at 689. As such, the cases in which petitions for post-conviction relief can properly prevail on ineffectiveness grounds are "few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1522 (11th Cir. 1995).

Counsel were not ineffective for failing to raise *Apprendi*.[2] *Apprendi* addressed a state statute applied in state court by a state court judge. While it may be read in hindsight to implicate federal court and the Federal Sentencing Guidelines, at the time of Petitioner's trial and appeal it was not being so applied. From "counsel's perspective" at the time of the challenged conduct, it was perfectly reasonable and certainly not "outside the wide range of professional competence" to believe that *Apprendi* did not apply to Petitioner's circumstances, and an objection based upon it would be futile and ill-received.

Counsel were not ineffective for failing to foresee *Blakely* and *Booker*. The law of the Eleventh Circuit "shuts out any contention that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel." *See United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) (Carnes, J., concurring) (collecting cases). The law of

---

[2]This court accepts, for purpose of rendering this opinion, the premise that trial counsel did not object on the basis of *Apprendi* and appellate counsel did not argue *Apprendi* on appeal.

the circuit is clear even if "the claim based upon anticipated changes in the law was reasonably available at the time counsel failed to raise it" and even "when the change is such that the forfeited issue was, in hindsight, a sure fire winner." *Id.* (internal quotations and citations omitted). As such, "district courts are not required to, and should not, hold an evidentiary hearing on [this] issue. There is no relevant evidence to hear. The issue is settled as a matter of law." *Id.* Given the holding in *Apprendi*, a *Blakely/Booker* argument was likely "reasonably available" to counsel at the time of the relevant proceedings. Assuming *arguendo*, that the trial court did enhance Petitioner's sentence on the basis of facts not established by the jury, Petitioner's *Booker* claim might have been "a sure fire winner." Regardless, the law of the circuit binds this court to hold that counsel were not ineffective for failing to foresee a change in the law and argue that Petitioner's sentence was wrongly enhanced on facts not found by the jury beyond a reasonable doubt. Petitioner's motion is therefore DISMISSED.

### B.   Petitioner's Pro Se Motion

Petitioner filed a *pro se* section 2255 motion a mere twenty-two days after counsel filed the above motion on his behalf. Petitioner alleged that his trial and appellate counsel were ineffective for (1) "improperly challeng[ing] the RICO count of the indictment altering trial and appeal," (2) failing "to raise on appeal the issue of the court's oral imposition of a general sentence upon Pipkins and also the fact that the oral and written sentences conflict,"

-6-

and (3) failing "to preserve Pipkins [sic] sixth amendment challenge to his sentence by objecting during sentencing based on Jones or Apprendi [sic]." P's *Pro Se* Motion at 7-8.

Pursuant to Local Rule ("LR") 83.1(D)(2) governing *pro se* appearances "[w]henever a party has appeared by attorney, the party may not thereafter appear or act in the party's own behalf in the action or proceeding or take any step therein unless the party has first given notice of the party's intention to the attorney of record and to the opposing party and has obtained an order of substitution from the court." Petitioner has not complied with this rule, and this court may dismiss his motion.

Further, Petitioner's motion may be dismissed as untimely. Section 2255 contains a one-year period of limitation, which in Petitioner's case required that he file his motion no more than one year from "the date on which the judgment of conviction [became] final." Petitioner's conviction became final on October 31, 2005, when the Supreme Court declined to grant certiorari. Petitioner did not file the instant motion until November 22, 2006.

Finally, should Petitioner's motion be construed as an amendment to his original motion, the court finds it without merit. Petitioner's first claim is conclusory and gives the court no basis for a ruling. Petitioner does not reference a particular challenge, contend why the challenge was unreasonable, or explain how counsel's action was prejudicial. Petitioner's second challenge alleges that the court orally imposed a general sentence of 360

months upon him.  The court can find no evidence of such an oral sentence, and Petitioner does not point the court to any place in the record where it might find one.  Petitioner's third contention parallels the one asserted by his counsel in his first motion, and it may be dismissed on the grounds discussed in section A, above.   Petitioner's motion is DISMISSED.

**III.    Conclusion**

Petitioner's motions to vacate, set aside, or correct sentence under section 2255 [758, 759] are hereby DISMISSED.


SO ORDERED, this 31st day of October 2007.



_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

-8-